# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| BRADLEY JAMISON HALLMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIBB COUNTY CORRECTIONAL )<br>FACILITY, et al., )<br>)<br>Defendants. ) | Case Number 7:14-cv-02315-AKK-JEO |

## **REPORT AND RECOMMENDATION**

Bradley Hallman, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration. (Doc. 1). The plaintiff names as defendants Bibb County Correctional Facility, Warden Deborah Toney, Officer Whitt, Officer Melton, and Captain Keith Klinner. He seeks injunctive and monetary relief.

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I.  Standard of Review

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Where practicable, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

A dismissal pursuant to § 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Because "[p]ro se pleadings are held to a less stringent

standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. Factual Allegations

The plaintiff is currently an inmate in the custody of the Alabama Department of Corrections in Elmore Correctional Facility in Elmore, Alabama. (Doc. 1-1). Prior to this time, the plaintiff escaped while housed at Bibb Correctional Facility. (Doc. 1-1, at 2-3). On November 13, 2013, after being caught, defendants Klinner, Whitt and Melton handcuffed the plaintiff and beat him badly, pushing him to the ground so that he would land on his face due to his hands being cuffed behind his back. (*Id.*, at 3). Although he was bleeding and had a cut under his right eye, the defendants walked the plaintiff around the prison to show other inmates what they did. (*Id.*). The defendants[1] bragged to other inmates that if anyone else tried to escape, this was how they would be beaten. (*Id.*). Every time they were out of a camera's view, defendants Whitt and Melton continued to punch the plaintiff's ribs. (*Id.*).

---

[1] Although not completely clear from his complaint, the plaintiff seems to allege all these actions were taken by defendants Klinner, Whitt and Melton.

3

### III. Discussion

      A.    *Defendants Klinner, Whitt and Melton*

The plaintiff makes allegations of cruel and unusual punishment against Captain Klinner and Officers Melton and Whitt. "'[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (quoting *Whitely v. Albers*, 475 U.S. 312, 319 (1986)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. A prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated if the inmate is gratuitously beaten while in handcuffs. *See e.g., Rogers v. Judd*, 2009 WL 129631 (M.D. Fla. 2009) (collecting cases). The Eleventh Circuit has held that "our precedent [is] clearly established that government officials may not employ "gratuitous force against a prisoner who has been already subdued . . . ." *Skrtich v. Thorton*, 280 F.3d 1295, 1303 (11th Cir. 2002) (citing *Harris v. Chapman*, 97 F.3d 499, 505-506 (11th Cir. 1996) and other cases).

In this case, the facts as alleged warrant a response from defendants Klinner, Whitt and Melton.

>   B.   *Defendants Bibb County Correctional Facility and Warden Deborah Toney*

The plaintiff makes no allegations against Bibb County Correctional Center or Warden Toney.[2]  To the extent the plaintiff seeks to assert liability because of the supervisory capacity of defendant Toney, his complaint is not viable. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations omitted).  A plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation. *Harrison v. Culliver,* 746 F.3d 1288, 1298 (11th Cir. 2014).

The plaintiff asserts no facts which would show that defendant Toney, either individually or in her official capacity and on behalf of Bibb County Correctional

---

[2]As a claim against Bibb County Correctional Facility is the same as a suit against Warden Toney in her official capacity, the court has considered the plaintiff's naming of both Bibb County Correctional Facility and Warden Toney duplicative.  Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Facility was involved with or approved of the alleged violation of the plaintiff's constitutional rights. Additionally, the only relief the plaintiff seeks is to have "Officer Whitt and Officer Melton along with Captain Keith Klinner punished for the wrongful actions. I want financial compensation for my pain and suffering." (Doc. 1, at 4). Because the plaintiff states no claim or request for relief against defendant Toney or Bibb County Correctional Center, they are due to be dismissed from this action.

### IV. Recommendation

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that all claims against Warden Deborah Toney and Bibb County Correctional Facility be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further **RECOMMENDS** that the Eighth Amendment claim against defendants Klinner, Whitt and Melton be referred to the undersigned magistrate judge for further proceedings.

### Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the clerk. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar

any later challenge or review of the factual findings of the magistrate judge, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

To challenge the findings of the magistrate judge, the plaintiff must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Any objections to the failure of the magistrate judge to address any contention raised in the complaint also must be included. Objections not meeting the specificity requirement set out above will not be considered by a district judge. The filing of objections is not a proper vehicle to make new allegations or present additional evidence. Furthermore, it is not necessary for the plaintiff to repeat legal arguments in objections.

The plaintiff may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

**DATED**, this 27th day of July, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge